IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
___-CV-___

| | |
|---|---|
| **MICHAEL T. PYRTLE**, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**HENRY MCTHADDEN HAYES**, )<br>individually; **SAM PAGE**, in his official )<br>capacity as Sheriff of the Rockingham )<br>County Sheriff's Department; **MARK S.** )<br>**MARTIN**, in his official capacity as a )<br>Deputy of the Rockingham County Sheriff's )<br>Department; **GENE SETLIFF**, in his )<br>official capacity as a Deputy of the )<br>Rockingham County Sheriff's Department; )<br>**KATHY WILSON**, in her official capacity )<br>as a Deputy of the Rockingham County )<br>Sheriff's Department; **JOHN DOE 1**, in his )<br>official capacity as a Deputy of the )<br>Rockingham County Sheriff's Department; )<br>**JOHN DOE 2**, in his official capacity as a )<br>Deputy of the Rockingham County Sheriff's )<br>Department; **SENN DUNN INSURANCE**, )<br>Surety for the official sheriff's bond under )<br>N.C.G.S. § 162-8; )<br>Defendants. ) | **COMPLAINT FOR DEPRIVATION OF CIVIL RIGHTS AND VIOLATION OF STATE LAW** |

**NOW COMES** Plaintiff, Michael T. Pyrtle and brings this claim for deprivation of civil rights under 42 U.S.C. § 1983 of the Civil Rights Act and for various violations of State Law including, Negligence, Assault, and Battery against Defendants Henry McThadden Hayes, Rockingham County Sheriff's Department, Sheriff Sam Page, Deputy Mark S. Martin, Deputy Gene Setliff, Corporal Kathy Wilson, John Doe 1, and John Doe 2, jointly and severally, and respectfully shows the Court as follows:

**PARTIES**

1. Plaintiff, Michael T. Pyrtle ("Pyrtle"), is an adult citizen and resident of Cascade, Virginia.

2. Upon information and belief, Defendant Henry McThadden Hayes ("Hayes") is an adult citizen and resident of Rockingham County, North Carolina under no legal disability and is being sued in his individual capacity.

3. Upon information and belief, Defendant Senn Dunn Insurance ("Senn Dunn") is a North Carolina corporation that conducts business in Guilford County, North Carolina. At all times complained of, Senn Dunn was the bonding agent for Sheriff Sam Page.

4. Upon information and belief, Defendant Sheriff Sam Page ("Sheriff Page") is an adult citizen and resident of Rockingham County, North Carolina under no legal disability. At all times complained of, Sheriff Page was the Sheriff of Rockingham County who exercised ultimate supervisory and training authority over the deputies of his office, and had responsibility and authority to establish policy for the Office of the Sheriff, including policies and programs pertaining to the training of deputies in separating dangerous and hostile inmates from the general population, responding to and neutralizing incidents in the Jail, and use of force and Oleoresin Capsicum spray ("OC spray"), and is sued in his official capacity.

5. Upon information and belief, Defendant Deputy Mark S. Martin ("Deputy Martin") is an adult citizen and resident of Rockingham County, North Carolina under no legal disability. At all times complained of, Deputy Martin was a Deputy of the Rockingham County Sheriff and is being sued in his official capacity.

6. Upon information and belief, Defendant Deputy Gene Setliff ("Deputy Setliff") is an adult citizen and resident of Rockingham County, North Carolina under no legal disability. At

2

all times complained of, Deputy Martin was a Deputy of the Rockingham County Sheriff and is being sued in his official capacity.

7. Upon information and belief, Defendant Corporal Kathy Wilson ("Cpl. Wilson") is an adult citizen and resident of Rockingham County, North Carolina under no legal disability. At all times complained of, Deputy Martin was a Deputy of the Rockingham County Sheriff and is being sued in her official capacity.

8. Upon information and belief, Defendant John Doe 1 ("Deputy Doe 1") is an adult citizen and resident of Rockingham County, North Carolina under no legal disability. The true name of Deputy Doe 1 is unknown to Plaintiff Pyrtle at this time. At all times complained of, Deputy Doe 1 was a Deputy of the Rockingham County Sheriff or an Deputy of another local law enforcement agency and is being sued in his official capacity.

9. Upon information and belief, Defendant John Doe 2 ("Deputy Doe 2") is an adult citizen and resident of Rockingham County, North Carolina under no legal disability. The true name of Deputy Doe 2 is unknown to Plaintiff Pyrtle at this time. At all times complained of, Deputy Doe 2 was a Deputy of the Rockingham County Sheriff or an Deputy of another local law enforcement agency and is being sued in his official capacity.

**JURISDICITON AND VENUE**

10. The allegations of Paragraphs 1 through 9 of this Complaint are restated and incorporated herein by reference as if fully set out herein.

11. This lawsuit asserts claims for relief under 42 U.S.C. § 1983 for violations of rights secured and guaranteed to Plaintiff Pyrtle by the Eighth Amendment of the Constitution of the United States, and for violations of certain laws of the State of North Carolina. This Court has jurisdiction of Plaintiff Pyrtle's federal claim pursuant to 28 U.S.C. §§ 1331 and 1443 and

pendant and/or supplemental jurisdiction over Plaintiff Pyrtle's State Law claims pursuant to 28 U.S.C. § 1367.

12. Venue is proper in this Court Pursuant to 28 U.S.C. § 1391(b) as the events underlying this lawsuit occurred in Rockingham County, within the Middle District of North Carolina.

13. Upon information and belief, to the extent the doctrine of sovereign, governmental or other immunity applies to the State Law claims asserted herein, Defendants, through their respective employers, have waived sovereign or governmental immunity through the purchase of one or more policies of liability insurance pursuant to N.C. Gen. Stat. § 153A-435, by purchasing a bond pursuant to N.C. Gen. Stat. § 162-8, by participating in a local government risk pool pursuant to N.C. Gen. Stat. § 58-23-5, by settling similar claims or actions, or otherwise.

## FACTUAL BASIS OF CLAIMS FOR RELIEF

14. The allegations of Paragraphs 1 through 13 of this Complaint are restated and incorporated by reference as if fully set out herein.

15. At or about 1:30 p.m. on or about January 12, 2008, Plaintiff Pyrtle, along with his two children, was traveling through Eden where they encountered an Eden Police Department license check. Plaintiff was arrested for an outstanding warrant issued for a "failure to appear" involving a several year old traffic ticket. Upon information and belief, Plaintiff Pyrtle was transported to a holding cell at the Rockingham County Jail in Wentworth, North Carolina. Upon further information and belief, the Rockingham County Jail is staffed and operated by the Rockingham County Sheriff's Department ("Sheriff's Dept.).

16. Upon information and belief, Plaintiff Pyrtle was placed in a cell with four to six others. Upon further information and belief, at some point, the number of men in the cell with Plaintiff Pyrtle increased to somewhere between fifteen to eighteen people.

17. Upon information and belief, when there were fifteen to eighteen people in the cell, Defendant Hayes and Joshua Connor physically attacked a gentleman for five to ten minutes in an attempt to take the man's cigarettes before Deputies Doe 1 and Doe 2 arrived to end to the attack.

18. Upon information and belief, Deputies Doe 1 and Doe 2 removed everyone from the cell except Plaintiff Pyrtle, Defendant Hayes, Joshua Connor and Kelvin Adkins.

19. Upon information and belief, after having seen Defendant Hayes and Joshua Connor attack a man for his cigarettes and then subsequently spending several hours in the same cell with Defendant Hayes and Joshua Connor, Plaintiff Pyrtle felt unsafe and expressed his concerns to Deputies Doe 1 and Doe 2 and requested that he be moved to another cell separate from Defendant Hayes and Joshua Connor; however, despite knowing of the former attack the Deputies deliberately and indifferently denied Plantiff Pyrtle's request.

20. Upon information and belief, at or about 1:30 a.m. the following morning while Plaintiff Pyrtle was sleeping and without any provocation on the part of the plaintiff, Defendant Hayes attacked Plaintiff Pyrtle; simultaneously Kelvin Adkins was attacked by Joshua Connor.

21. Upon information and belief, Deputy Martin heard the commotion and responded where he observed Defendant Hayes attacking Plaintiff Pyrtle and Joshua Conner attacking Kelvin Adkins. Upon further information and belief, Deputy Martin gave a direct order to Defendant Hayes and Joshua Connor to "back off" but when they would not he left the cellblock

5

and returned with OC spray which Deputy Martin used on Defendant Hayes, Joshua Connor and Plaintiff Pyrtle.

22. Upon information and belief, Deputy Martin radioed for assistance and the first Deputy to respond was Deputy Setliff. Upon further information and belief, when Deputy Setliff arrived Joshua Connor was still attacking Kelvin Adkins so Deputy Martin used his OC spray two more times before getting compliance from Joshua Connor.

23. Upon information and belief, once Defendant Hayes and Joshua Connor complied with Deputy Martin's orders and stopped attacking Plaintiff Pyrtle and Kelvin Adkins and before rendering any medical assistance to Plantiff Pyrtle and despite knowing that Plaintiff Pyrtle had been sprayed in the eyes with OC spray, Deputy Setliff left and returned to the control room to relieve Cpl. Wilson. Upon further information and belief, when Deputy Setliff left, Defendant Hayes struck Plaintiff Pyrtle in the face one more time inflicting further injuries.

24. Upon information and belief, Deputy Setliff returned; at this time he and Deputy Martin removed Plaintiff Pyrtle and Kelvin Adkins from the cell however, no medical treatment was provided at this time.

25. Upon information and belief, Plaintiff Pyrtle was instructed to clean himself up, and then Plaintiff Pyrtle was placed in a "bullpen" to await further instructions however, no medical treatment was provided at this time.

26. Upon information and belief, Cpl. Wilson notified Captain Marshall ("Cpt. Marshall") and Lieutenant Johnson ("Lt. Johnson") of the incident. Upon further information and belief, Cpt. Marshall and Lt. Johnson arrived at or about 2:07 a.m. at which time Lt. Johnson instructed Deputy Martin to take Plaintiff Pyrtle to the Anne Penn Hospital ("Hospital"). Upon

6

further information and belief, during this entire forty minute period, Plaintiff Pyrtle required and requested medical attention and was denied the same.

27. Upon information and belief, Plaintiff Pyrtle arrived at or about 2:50 a.m. on January 13, 2008 where he was treated for a laceration under his right eye and multiple fractures of his facial area.

28. Upon information and belief, Plaintiff Pyrtle underwent at least seven reconstructive surgeries to his face and continues to have treatments and paramount injuries as a result of the injuries he sustained during the attack by Defendant Hayes.

## CLAIMS FOR RELIEF

### First Claim for Relief

(Claim pursuant to 42 U.S.C. § 1983 for Violation of Eighth Amendment by Defendants Sheriff Page, Deputy Martin, Deputy Setliff, Cpl. Wilson, Deputy Doe 1, and Deputy Doe 2).

29. The allegations of Paragraphs 1 through 28 of this Complaint are restated and incorporated as if fully set out herein.

30. Defendants Sheriff Page, Deputy Martin, Deputy Setliff, Cpl. Wilson, Deputy Doe 1, and Deputy Doe 2, in their official capacities and acting as duly assigned agents of the Rockingham County Sheriff's Department, failed to take actions that Defendants subjectively knew, or in the exercise of due care should have known, would lead to and did cause Plaintiff Pyrtle to suffer serious physical injuries to his person as a result of an attack by inmate Defendant Hayes.

31. Defendant Sheriff Page failed to properly train Deputies Doe 1 and Doe 2 on, *inter alia,* the proper ways to:

   a. recognize dangerous and/or aggressive inmates;

7

b. respond to inmate attacks on other inmates;

c. communicate with other Deputies;

d. protect the general inmate populous from those inmates who are dangerous and/or aggressive; and

e. segregate the dangerous and/or aggressive inmates from the general inmate populous.

32. Defendant Sheriff Page failed to properly train Deputy's Martin and Setliff, and Cpl. Wilson on, *inter alia,* the proper ways to:

a. recognize dangerous and/or aggressive inmates;

b. respond to inmate attacks on other inmates;

c. neutralize inmate attacks with and without the use of force or OC spray;

d. protect the general inmate populous from those inmates who are dangerous and/or aggressive;

e. segregate the dangerous and/or aggressive inmates from the general inmate populous; and

f. provide timely medical attention.

33. Defendant Sheriff Page failed to properly train Deputy Martin on the proper use of force techniques for using OC spray to neutralize an inmate attack and the proper decontamination techniques for an individual who has been sprayed with OC spray.

34. Defendants Sheriff Page, Deputy Martin, Deputy Setliff, Cpl. Wilson, Deputy Doe 1 and Deputy Doe 2 failed, *inter alia,* to:

a. properly protect Plaintiff Pyrtle from other dangerous and/or aggressive inmates; and

8

      b. segregate Defendant Hayes and Joshua Connor from the general inmate populous when Defendants knew or should have known that Defendant Hayes and Joshua Connor were dangerous and/or aggressive.

35. Defendants Deputy Martin, Deputy Setliff, Cpl. Wilson, Deputy Doe 1 and Deputy Doe 2 failed to place Plaintiff Pyrtle in a cell separate from Defendant Hayes and Joshua Connor in spite of requests by Plaintiff Pyrtle to be moved for fear of his safety.

36. Defendants Deputy Martin, Deputy Setliff, and Cpl. Wilson failed to respond to and neutralize Defendant Hayes' attack on Plaintiff Pyrtle in a timely fashion which increased the risk of harm to Plaintiff Pyrtle and caused Plaintiff Pyrtle to sustain further injuries.

37. Defendants Sheriff Page, Deputy Martin, Deputy Setliff, Cpl. Wilson, Deputy Doe 1, and Deputy Doe 2 have deprived Plaintiff Pyrtle of his right to provided with humane conditions of confinement and his right to be free from cruel and unusual punishment as provided in by the Eighth Amendment of the Constitution of the United States, in violation of 42 U.S.C. § 1983.

38. Defendants committed the above described actions under color of state law and by virtue of their authority as sheriff and/or deputies for the Sheriff's Dept. as they were purporting to act in the performance of their official duties.

39. At the time of the above-referenced conduct, Defendants Sheriff Page, Deputy Martin, Deputy Setliff, Cpl. Wilson, Deputy Doe 1 and Deputy Doe 2 acted with a *deliberate indifference* to the rights, safety, and medical needs of Plaintiff Pyrtle and other inmates. Defendants' individual and collective actions placed Plaintiff Pyrtle in objectively, unreasonably unsafe conditions and did directly and proximately cause Plaintiff Pyrtle to suffer serious

physical injuries to his person such that the conditions of Plaintiff Pyrtle's confinement were inhumane.

40. As a direct, proximate result of the aforesaid deliberately indifferent conduct of the Defendants, Plaintiff Pyrtle has been damaged in an amount in excess of $100,000 in compensatory damages, including sums for loss of compensation, lost earning potential, humiliation, disgrace, pain and suffering, and for any other damages proximately caused by the Defendants' indifferent conduct.

Second Claim for Relief

(Negligence by Defendant Sheriff Page.).

41. The allegations of Paragraphs 1 through 41 of this Complaint are restated and incorporated as if fully set out herein.

42. At all times relevant to this proceeding, Defendant Sheriff Page as the Sheriff of Rockingham County had a duty to adequately train the deputies of the Rockingham County Sheriff's Department to ensure that their actions did not cause an unreasonable risk of harm to Plaintiff.

43. Defendant Sheriff Page breached this duty by including, *inter alia*, failing to properly train Deputy Martin, Deputy Setliff, Cpl. Wilson, Deputy Doe 1, and Deputy Doe 2 on, *inter alia*, the proper ways to:

   a. communicate with other Deputies;

   b. recognize dangerous and/or aggressive inmates;

   c. respond to inmate attacks on other inmates;

   d. neutralize inmate attacks with and without the use of force or OC spray;

e. protect the general inmate populous from those inmates who are dangerous and aggressive; and

f. segregate the dangerous and aggressive inmates from the general inmate populous

44. Additionally, Defendant Sheriff Page acted with *deliberate indifference* to the rights and safety of others by, *inter alia*, taking the actions described in this complaint.

45. This failure to train on the part of Defendant Sheriff Page did directly and proximately cause Plaintiff Pyrtle to suffer damages in an amount in excess of $ 100,000 in compensatory damages, including sums for loss of compensation, lost earning potential, humiliation, disgrace, pain and suffering, and for any other damages proximately caused by the Defendants' indifferent conduct.

## Third Claim for Relief

(Assault by Defendant Hayes).

46. The allegations of Paragraphs 1 through 46 of this Complaint are restated and incorporated as if fully set out herein.

47. Defendant Hayes threatened inmates with physical force and subsequently attacked an inmate over cigarettes.

48. Plaintiff Pyrtle witnessed Defendant Hayes use physical violence against the fellow inmate for the purpose of taking the inmate's cigarettes. Such act coupled with Defendant Hayes' threats placed Plaintiff Pyrtle in reasonable apprehension of an imminent threat of physical injury.

49. Defendant Hayes presented his ability to cause harmful contact with Plaintiff Pyrtle when Defendant Hayes attacked the inmate for his cigarettes. Furthermore, Defendant Hayes was placed in the same cell as Plaintiff Pyrtle.

11

50. Defendant Hayes' intentional conduct did directly and proximately cause Plaintiff Pyrtle to suffer damages in an amount in excess of $ 100,000 in compensatory damages, including sums for loss of compensation, lost earning potential, humiliation, disgrace, pain and suffering, and for any other damages proximately caused by the Defendant's intentional conduct.

### Fourth Claim for Relief

(Battery by Defendant Hayes).

51. The allegations of Paragraphs 1 through 51 of this Complaint are restated and incorporated as if fully set out herein.

52. Defendant Hayes intended to cause a harmful physical contact with Plaintiff Pyrtle.

53. Defendant stomped on Plaintiff's neck, back, and face and struck Plaintiff Pyrtle in the face with his fist.

54. Plaintiff Pyrtle did not consent to Defendant Hayes' attack nor did Plaintiff Pyrtle in any way provoke Defendant Hayes' or contribute to his own injuries.

55. Defendant Hayes' intentional conduct did directly and proximately cause Plaintiff Pyrtle to suffer damages in an amount in excess of $ 100,000 in compensatory damages, including sums for loss of compensation, lost earning potential, humiliation, disgrace, pain and suffering, and for any other damages proximately caused by the Defendant's intentional conduct.

### Fifth Claim for Relief

(Claim pursuant to 42 U.S.C. §1983 for violations of the Fourteenth and Eighth Amendment's of the Constitution by Defendant Officer Martin).

56. The allegations of Paragraphs 1 through 56 of this Complaint are restated and incorporated as if fully set out herein.

57. The use of OC spray on Plaintiff Pyrtle by Deputy Martin while Plaintiff Pyrtle was being attacked by Defendant Hayes served no legitimate law enforcement objective but constituted excessive force committed against Plaintiff Pyrtle and evidenced a *deliberate indifference* for Plaintiff Pyrtle's federally protected rights.

58. Deputy Martin committed the above described actions under color of state law and by virtue of his authority as a deputy for the Sheriff's Dept. as he was purporting to act in the performance of his official duties.

59. Deputy Martin used unreasonable and excessive force and deprived Plaintiff Pyrtle of the rights, privileges and immunities guaranteed him by the Constitution and laws of the United States, specifically the rights guaranteed to him by the Fourteenth Amendment, by violating his protected liberty interest and depriving him of due process of law as Plaintiff Pyrtle was in custody, was not attacking Defendant Hayes, had previously requested to be moved, and had already sustained serious injuries when Plaintiff Pyrtle was needlessly sprayed with OC spray by Deputy Martin.

60. In the alternative, Deputy Martin used unreasonable and excessive force and deprived Plaintiff Pyrtle of the rights, privileges and immunities guaranteed him by the Constitution and laws of the United States, specifically the rights guaranteed to him by the Eighth Amendment to be free from cruel and unusual punishment as Plaintiff Pyrtle was in custody, was not attacking Defendant Hayes, had previously requested to be moved, and had already sustained serious injuries when Plaintiff Pyrtle was needlessly sprayed with OC spray by Deputy Martin.

61. At the time of the above-referenced conduct, Defendants Sheriff Page, Deputy Martin, Deputy Setliff, Cpl. Wilson, Deputy Doe 1 and Deputy Doe 2 acted with a *deliberate*

13

*indifference* to the rights, safety, and medical needs of Plaintiff Pyrtle and other inmates. Defendants' individual and collective actions placed Plaintiff Pyrtle in objectively, unreasonably unsafe conditions and did directly and proximately cause Plaintiff Pyrtle to suffer serious physical injuries to his person such that the conditions of Plaintiff Pyrtle's confinement were inhumane.

62. As a direct, proximate result of the aforesaid deliberately indifferent conduct of the Defendants, Plaintiff Pyrtle has been damaged in an amount in excess of $100,000 in compensatory damages, including sums for loss of compensation, lost earning potential, humiliation, disgrace, pain and suffering, and for any other damages proximately caused by the Defendants' indifferent conduct

**PRAYER FOR RELIEF**

**WHEREFORE**, having fully complained of Defendants Hayes, Page, Sheriff's Department and Jail, Plaintiff Pyrtle respectfully prays the Court for a judgment against Defendants as follows:

> a. That Plaintiff Pyrtle has and recovers from Defendants, jointly and severally, such amounts as will compensate them for the deprivation of their Constitutional Rights and violations of State Laws as alleged herein, for his loss of compensation, lost earning potential, humiliation, disgrace, pain and suffering, and for any other compensatory damages proximately caused by the Defendants' wrongful conduct as will be proven at trial in the amount greater then $100,000 Dollars ($) for each of Plaintiff's Claims for Relief;

b. That Plaintiff Pyrtle has and recovers such punitive damages, as are necessary to deter each individual defendant from future wrongful acts, in an amount greater than $100,000 Dollars ($);

c. That Plaintiff Pyrtle has and recovers his costs, expenses, pre-judgment and post-judgment interest and reasonable attorney fees as allowed by 42 U.S.C. § 1988 or other applicable law;

d. That Plaintiff Pyrtle be granted a jury trial of all issues raised herein so triable; and

e. That Plaintiff Pyrtle has and recovers such other and further amounts and relief as the Court deems appropriate.

This the 8th day of September, 2010.

/s/ John C. Vermitsky
John C. Vermitsky
Attorney for Plaintiff

OF COUNSEL:

Morrow, Alexander, Porter and Whitley PLLC
3890 Vest Mill Rd.
Winston-Salem, NC 27103
Telephone: (336) 760-1400
Facsimile: (336) 760-4520

/s/ Michael J. Lewis
Michael J. Lewis
Attorney for Plaintiff

OF COUNSEL:

Mike Lewis Attorneys
285 Executive Park Blvd.
Winston Salem, NC 27103
Telephone: (866) 299-1769
Facsimile: (336) 659-1750

15